## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LIBERTY MUTUAL PERSONAL INSURANCE COMPANY as subrogee of John Milligan<br>100 Liberty Way<br>Dover, NH 03820<br><br>      Plaintiff,<br> v.<br><br>DANBY PRODUCTS, INC.<br>1800 Production Drive<br>Findley, OH 45840-5445<br><br>      Defendant. | Case No.: |

## COMPLAINT AND JURY DEMAND

Plaintiff, Liberty Mutual Personal Insurance Company, as subrogee of John Milligan, by and through its undersigned counsel, upon information and belief, hereby alleges as follows:

## THE PARTIES

1. Plaintiff, Liberty Mutual Personal Insurance Company ("Liberty"), is a New Hampshire corporation, with its principal place of business at 100 Liberty Way, Dover, New Hampshire, and, at all times material hereto, was authorized to issue insurance policies in the State of New Hampshire.

2. Defendant, Danby Products, Inc. ("Danby"), is a Delaware corporation, with its principal place of business located at 1800 Production Drive, Findley, Ohio, and, at all times material hereto, was engaged in the business of designing, manufacturing and supplying home products, including dehumidifiers.

## JURISDICTION AND VENUE

3. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. §1332 and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(a), as the acts and omissions that gave rise to this matter took place in this judicial district.

## FACTUAL ALLEGATIONS

5. At all times material hereto, John Milligan, owned and resided at the real property located at 709 East Deering Road, Deering, New Hampshire ("the Property").

6. At all times material hereto, plaintiff provided property insurance coverage to Mr. Milligan for the Property.

7. Before May of 2020, Mr. Milligan purchased a Danby brand model portable dehumidifier which is believed to be a model that was manufactured for Danby by Midea.

8. The dehumidifier had been designed, manufactured and distributed by defendant Danby to a retailer in New Hampshire for retail sale in New Hampshire.

9. On or about May 9, 2020, the Danby brand dehumidifier started a fire in the Milligan residence causing fire, smoke and water damage to the real and personal property of Mr. Milligan, as well as a loss of use of said property.

10. Pursuant to its obligations under the policy of insurance issued by Liberty to Mr. Milligan, Liberty reimbursed its insured in an amount in excess of $242,000.00 for damages resulting from the fire.

11. Under and pursuant to the terms of the policy and in accordance with the common law principles of equitable subrogation, to the extent of the payments Liberty has made to its insured, Liberty is duly subrogated to the rights, claims and causes of action of its insured against the defendants.

## COUNT I:  PRODUCTS LIABILITY v. DANBY

12. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

13. The dehumidifier was not abused or altered in any way by the plaintiff's insured from the condition in which it was manufactured and supplied by the defendant.

14. Defendant Danby is strictly liable and legally responsible to the plaintiff for damages caused by the fire by virtue of the defective and unreasonably dangerous condition of the dehumidifier in one or more of the following respects:

(a) the dehumidifier was in a defective and unreasonably dangerous condition;

(b) the defendant designed, manufactured and sold the dehumidifier in a condition that it knew, or should have known, subjected the property of others to foreseeable and unreasonable risk of harm;

(c) the defendant designed and manufactured the dehumidifier in a condition that was nor merchantable or fit for the purpose for which such products are ordinarily and foreseeable used;

(d) the defendant failed to provide proper and adequate warnings regarding the hazards associated with the foreseeable and ordinary use of the dehumidifier;

(e) the defendant failed to design the dehumidifier so that foreseeable failures of the dehumidifier and its components would not present a fire hazard;

(f) the defendant negligently designed and manufactured the dehumidifier;

(g) the defendant was negligent in failing to properly and adequately test the dehumidifier prior to marketing it; and

(h) the defendant breached the implied warranty of merchantability in that the dehumidifier was not merchantable for its intended purpose.

15. The aforesaid defective and unreasonably dangerous conditions in the dehumidifier caused the fire and resulting damage to the real and property of Mr. Milligan

## JURY TRIAL DEMAND

16. Plaintiff demands a jury trial on all claims so triable.

WHEREFORE, plaintiff, respectfully requests that this Court enter judgment in its favor and against defendant Danby in an amount in excess of $242,000.00 together with interest and the costs of this action.

SHERMAN LAW, PLLC

Date: 08/23/2022

*/s/ John P. Sherman*
John P. Sherman, Esq.
111 Bow Street, Unit 2
Portsmouth, NH 03801
(603) 570.4837
jsherman@johnshermanlaw.com